ssstarIN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRY LYNN YODER,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social<br>Security,<br><br>    Defendant. | )<br>)<br>)<br>)<br>) Civ. 13-107 Erie<br>)<br>)<br>)<br>)<br>)<br>) |

## OPINION

### I. Introduction

This case is before us on appeal from a final decision by the defendant, Commissioner of Social Security ("the Commissioner"), denying Terry Lynn Yoder's claim for disability insurance benefits and supplemental security income under Title II and Title XVI of the Social Security Act. The parties have submitted cross-motions for summary judgment. For the reasons stated below, we will deny the Plaintiff's motion and grant the Defendant's motion.

### II. Procedural History

Terry Lynn Yoder applied for Disability Insurance Benefits and Supplemental Security Income under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f on July 6, 2009, alleging a disability due to chronic diarrhea, irritable bowel syndrome, tumors on adrenal gland, and cysts on ovaries, uterus and lungs, with an alleged onset date of July 27, 2005. Plaintiff's claim was initially denied on September 17, 2009. A timely request for a hearing was filed by Plaintiff on November 16, 2009. A video hearing was held before an Administrative Law Judge ("ALJ") on May 11, 2011, at which Plaintiff was represented by counsel and testified. R. at 60-80. A vocational expert also testified at the hearing.

By decision dated July 25, 2011, the ALJ determined that Plaintiff is not disabled under §§ 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. R. at 21-29. The ALJ found that Plaintiff has the following severe impairments: irritable bowel syndrome; adrenal gland adenoma; ovarian cysts; and depression. R. 23. The ALJ also determined that none of the impairments or combination of impairments meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 24-25.

The ALJ determined that Plaintiff has the residual functional capacity to perform light work, except that she is limited to simple, routine, repetitive tasks not performed in a fast paced production environment with few workplace changes and only occasional interaction with others; and she requires access to a bathroom for five minutes every hour. R. 25-27.

In making this determination the ALJ made the following credibility determination:

> I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

R. 26.

Considering Plaintiff's age, education, work experience, and residual functional capacity, the ALJ concluded that she is "capable of making a successful adjustment to other work that exists in significant numbers in the national economy," and therefore she is "not disabled." R. 28.

Plaintiff filed a timely review of the ALJ's determination, which was denied by the Appeals Council on February 22, 2013. R. 1-6. Having exhausted her administrative remedies,

Plaintiff filed the instant action seeking judicial review of the final decision of the Commissioner of Social Security denying her application.

## III. Standard of Review

The Congress of the United States provides for judicial review of the Commissioner's denial of a claimant's benefits. See 42 U.S.C. § 405(g)(2012). This court must determine whether or not there is substantial evidence which supports the findings of the Commissioner. See id. "Substantial evidence is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971). This deferential standard has been referred to as "less than a preponderance of evidence but more than a scintilla." Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). This standard, however, does not permit the court to substitute its own conclusions for that of the fact-finder. See id.; Fargnoli v. Massonari, 247 F.3d 34, 38 (3d Cir. 2001) (reviewing whether the administrative law judge's findings "are supported by substantial evidence" regardless of whether the court would have differently decided the factual inquiry). So long as the ALJ's decision is supported by substantial evidence and decided according to the correct legal standards, the decision will not be reversed. Id. To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. 5 U.S.C. § 706(1)(F)(2012).

## IV. Discussion

Under the SSA, the term "disability" is defined as the:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months ...

42 U.S.C. § 423. A person is unable to engage in substantial activity when he:

3

> is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work....

42 U.S.C. §§ 423(d)(1)(A), (d)(2)(A).

In determining whether a claimant is disabled under the SSA, a sequential evaluation process must be applied. 20 C.F.R. § 416.920(a). See McCrea v. Commissioner of Social Security, 370 F.3d 357, 360 (3d Cir. 2004). The evaluation process proceeds as follows. At step one, the Commissioner must determine whether the claimant is engaged in substantial gainful activity for the relevant time periods; if not, the process proceeds to step two. 20 C.F.R. 20 C.F.R. § 416.920(b). At step two, the Commissioner must determine whether the claimant has a severe impairment or a combination of impairments that is severe. 20 C.F.R. § 416.920(c). If the Commissioner determines that the claimant has a severe impairment, he must then determine whether that impairment meets or equals the criteria of an impairment listed in 20 C.F.R., part 404, Subpart P, Appendix. 1. 20 C.F.R. § 416.920(d).

The ALJ must also determine the claimant's residual functional capacity; that is, the claimant's ability to do physical and mental work activities on a sustained basis despite limitations from his impairments. 20 C.F.R. § 416.920(e). If the claimant does not have an impairment which meets or equals the criteria, at step four the Commissioner must determine whether the claimant's impairment or impairments prevent him from performing his past relevant work. 20 C.F.R. § 416.920(f). If so, the Commissioner must determine, at step five, whether the claimant can perform other work which exists in the national economy, considering

4

his residual functional capacity and age, education and work experience. 20 C.F.R. § 416.920(g). See also McCrea, 370 F.3d at 360; Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000).

Plaintiff argues that the ALJ failed to properly develop the medical record and therefore the ALJ's residual functional capacity finding is unsupported by the evidence. Plaintiff also argues that the ALJ erred in his credibility determination. Finally, as a result of the above errors, Plaintiff argues that the hypothetical posed to the vocational expert was not a complete and accurate assessment of Plaintiff's limitations and abilities.

In response to Plaintiff's arguments, Defendant argues that the ALJ complied with his duty to develop the record, properly rendered his credibility determination, and properly relied on the vocational expert's testimony. Finally, Defendant argues that substantial evidence supports the ALJ's conclusion that Plaintiff has the residual functional capacity to perform light work, with certain limitations.

We agree with Defendant that the ALJ complied with his duty to develop the record. Specifically, we find that the ALJ upheld his duty to develop the record by inquiring of Plaintiff's counsel at the hearing whether the record was complete, r. 63, and in permitting counsel to submit additional medical records at a later time, r. 21, 220. Since Plaintiff was represented by counsel and her counsel made no further requests to supplement the record, the ALJ was entitled to assume the record was complete. Lofland v. Astrue, 2013 WL 3927695, *17 (D.Del. 2013) ("'[w]hen an applicant for social security benefits is represented by counsel the administrative law judge is entitled to assume that the applicant is making his strongest case for benefits.'") quoting Glenn v Secretary of Health and Human Services, 814 F.2d 387, 391 (7th Cir. 1987).

We also agree that the ALJ's credibility assessment properly took into consideration Plaintiff's daily activities and need to frequently use the bathroom. The ALJ found that Plaintiff had mild restrictions in her daily activities, noting that she lives alone, has a pet dog, pays her bills, cooks, and cares for her home without assistance, that she does not have a driver's license and uses public transportation on a regular basis. R. 24. In his residual functional capacity determination, the ALJ accounted for the need for bathroom breaks by including a requirement that she have access to a bathroom for five minutes every hour. R. 25.

All of Plaintiff's arguments concern, in part, Plaintiff's concern that the ALJ failed to adequately and properly consider and account for Plaintiff's need for frequent bathroom breaks due to bowel problems. However, the ALJ did consider and account for Plaintiff's need for bathroom breaks, albeit not to the extent of the number of breaks that Plaintiff testified she required.

Plaintiff testified that her Irritable Bowel Syndrome caused her to need to use the bathroom for diarrhea "10 to 15 times a day," and that she would be in the bathroom from 10 minutes to half an hour. R. 71; see also ALJ's Opinion, R. 26. The ALJ reviewed the medical evidence of record and determined that although Plaintiff indeed does suffer from abdominal pain and diarrhea, the medical evidence does not support the severity of Plaintiff's reported symptoms. R. 26. The ALJ supported his conclusion in part by citing to the medical record to show that relevant tests and procedures Plaintiff underwent in 2009, 2010, and 2011, were normal. R. 26.

The ALJ also supported his credibility finding by noting that Plaintiff reported an unintentional weight loss of 20 to 25 pounds, but that medical records from March 2009 through May 2011 demonstrate that Plaintiff actually gained weight. R. 26. The ALJ found that with diarrhea episodes as frequent as alleged by Plaintiff one would expect a weight loss, instead of a weight gain, and thus the ALJ only partially credited Plaintiff's testimony as to the amount of bathroom breaks she would need. Specifically, he found that she would require access to a bathroom for five minutes every hour, which translates to 8 bathroom breaks in an 8 hour workday. R. 25.

We therefore find that the ALJ complied with his duty to properly develop the record, and applied the proper legal standard in assessing Plaintiff's credibility. As the finder of fact, the ALJ is required to review, properly consider and weigh all of the medical records provided concerning the claimant's claims of disability. Fargnoli, 247 F.3d at 42 (citing Dobrowolsky v. Califano, 606 F.2d 403, 406-07 (3d Cir.1979)). The ALJ's residual functional capacity finding was detailed and credited Plaintiff with numerous limitations. The ALJ also comprehensively reviewed and accounted for Plaintiff's medical evidence in rendering his opinion. Accordingly, the ALJ was entitled to rely on the vocational expert's testimony based on the ALJ's finding of Plaintiff's residual functional capacity.

Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Plummer, 186 F.3d at 427. We find that the Commissioner's decision is based on substantial evidence.

## V. Conclusion

For the foregoing reasons, and based upon our review of the record as a whole, we hold that the decision of the Commissioner that Ms. Yoder was not disabled is supported by substantial evidence and, accordingly, an appropriate order will be entered granting the Commissioner's motion for summary judgment and denying Ms. Yoder's motion for summary judgment.

June 18, 2014
Date

Maurice B. Cohill, Jr.
Senior United States District Court Judge